# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS G. HALL, | ) |
| | ) Civil Action No. 11-667 |
| Petitioner, | ) |
| | ) |
| v. | ) Magistrate Judge Cynthia Reed Eddy |
| | ) |
| SUPERINTENDENT KERESTES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER[1]

Petitioner, Douglas Hall, a state prisoner incarcerated at the State Correctional Institution at Fayette, located in Labelle, Pennsylvania has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his guilty plea to numerous drug related criminal offenses. For the reasons that follow, the Petition will be denied.

### A. Relevant Procedural History

In late 2006, Petitioner was charged by the Pennsylvania Office of Attorney General with numerous drug-related criminal offenses in the Court of Common Pleas of Butler County. Thereafter, Petitioner privately retained Attorney David O'Hanesian to represent him with respect to the criminal charges. On May 17, 2007, he proceeded to a jury trial before the Honorable William R. Shaffer. On May 18, 2007, after the Commonwealth had presented almost its entire case, Petitioner pleaded guilty based on his attorney's advise. After thoroughly explaining the consequences of pleading guilty, including the lack of any plea agreement, and the mandatory minimum and potential maximum sentences, the Court accepted his guilty plea.

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge. See ECF Nos. 9 and 12. See also 28 U.S.C. § 636(c)(1).

1

Following a pre-sentence investigation, on July 18, 2007, Petitioner was sentenced to a total term of incarceration of 102 to 204 months. No post-sentence motions or direct appeal were filed.

On September 6, 2007, Petitioner filed a *pro se* Post Conviction Relief Act (PCRA) petition. Appointed counsel filed an amended petition alleging ineffective assistance of counsel regarding Petitioner's guilty plea. Specifically, Petitioner claimed that he had been told by Attorney O'Hanesian that he should enter, and then withdraw, a guilty plea, and that the Court would subsequently allow the entry of new counsel to represent Petitioner in a new trial. Petitioner claimed that O'Hanesian's alleged advice constituted ineffective assistance of counsel in light of the fact that permission to withdraw the plea was discretionary with the court and unlikely to be granted where the plea was entered after the Commonwealth had presented almost its entire case. Petitioner claims that his guilty plea was predicated on this flawed advice and was, therefore, involuntary and unknowing. An evidentiary hearing was held on December 17, 2007, at which Petitioner and Attorney O'Hanesian testified. On March 25, 2008, Petitioner's PCRA petition was denied. The court issued an opinion which held that Petitioner's allegations were contradicted by his answers in the written and oral plea colloquies and that Petitioner was bound by these answers. The court also held that Petitioner's hearing testimony was incredible. The PCRA court found no ineffectiveness on the part of trial counsel and thus denied Petitioner's petition. No direct appeal of this decision was filed.

Petitioner then filed a second, facially untimely, PCRA petition on July 1, 2009, alleging ineffective assistance of PCRA counsel in failing to file an appeal of the denial of the first PCRA petition. Although PCRA counsel was deceased, Petitioner testified that he wanted an appeal to be filed and assumed that it had been done, but was unable to reach his attorney to check into the status of the case. The PCRA court held that his attorney's failure to keep Petitioner apprised of

the status of the case excused the untimeliness of the second petition and reinstated his appeal rights *nunc pro tunc*. Petitioner then filed an appeal and on September 9, 2010, Petitioner's conviction and sentence were affirmed by the Superior Court of Pennsylvania in an unpublished memorandum opinion at 97 WDA 2010. Petitioner subsequently filed the instant Petition for Writ of Habeas Corpus on May 16, 2011, raising the same claim he litigated during his PCRA proceeding.

## B. Standards Governing Federal habeas Corpus Review

1.  Exhaustion Requirement

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). Even if a state court refuses to consider the claim, it is still exhausted as long as the state court had the opportunity to address it. Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir.1989). The petitioner has the burden of establishing that exhaustion has been satisfied. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Petitioner presented his claim to the state courts during his PCRA Proceeding. Thus, he

has complied with the exhaustion requirement and the Court will review his claim.

2.      Standard of Review for Exhausted Claims

In describing the role of federal habeas corpus proceedings, the Supreme Court of the United States, in Barefoot v. Estelle, 463 U.S. 880, 887 (1983), noted:

> [I]t must be remembered that direct appeal is the primary avenue for review of a conviction or sentence.... The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, (AEDPA), which further "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Amended Section 2254 of the federal habeas corpus statute provides the standard of review for federal court review of state court criminal determinations and provides, in relevant part, as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C.§ 2254(d).

4

"Clearly established Federal law" should be determined as of the date of the relevant state-court decision and is limited to the record that was before the state court that adjudicated the claim on the merits. Greene v. Fisher, ___ U.S. ___, 132 S.Ct. 38 (2011); Cullen v. Pinholster, 563 U.S. ——, 131 S.Ct. 1388, 1398 (2011). A state-court decision is "contrary to" clearly established federal law if the state court (1) contradicts the governing law set forth in Supreme Court cases or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Jamison v. Klem, 544 F.3d 266, 274 (3d Cir. 2008). The state court judgment must contradict clearly established decisions of the Supreme Court, not merely law articulated by any federal court, Williams, 529 U.S. at 405, although district and appellate federal court decisions evaluating Supreme Court precedent may amplify such precedent, Hardcastle v. Horn, 368 F.3d 246, 256 n. 3 (3d Cir. 2004) (citing Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999)). The state court is not required to cite or even have an awareness of governing Supreme Court precedent "so long as neither the reasoning nor the result of [its] decision contradicts them." Early v. Packer, 537 U.S. 3, 8, (2002); Jamison, 544 F.3d at 274-75. Few state court decisions will be "contrary to" Supreme Court precedent.

The federal habeas court more often must determine whether the state court adjudication was an "unreasonable application" of Supreme Court precedent. A state-court decision 'involves an unreasonable application" of clearly established federal law if the state court (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Williams, 529 U.S. at 407. A showing of clear

error is not sufficient. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Nor is habeas relief available merely because the state court applied federal law erroneously or incorrectly. Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005); Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. ——, ——,131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Harrington, 131 S. Ct. at 786–87.

The Supreme Court repeatedly has reiterated the deference that the federal courts must accord to state court decisions. Felkner v. Jackson, —— U.S. ——, 131 S.Ct. 1305, 1307 (2011) ("AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt."); Harrington v. Richter, ___U.S.___, 131 S.Ct. 770, 786 (2011) ("We must use habeas corpus as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."); Renico v. Lett, ___ U.S. ___, 130 S.Ct. 1855, 1862 (2010) ("whether the trial judge was right or wrong is not the pertinent question under AEDPA"); Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."); Lockyer v. Andrade, 538 U.S. 63, 75 (2003) ("it is not enough

that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was erroneous.").

Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e). Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000). In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly. *Id.* (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1982)).

### C. Petitioner's Claim

Petitioner's claim concerns the voluntariness of his guilty plea. A defendant's plea of guilty amounts to a waiver of several of his constitutional rights. First is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second is the right to trial by jury. Third is the right to confront one's accusers. As with any waiver of a constitutional right, the Due Process Clause of the United States Constitution requires that a guilty plea be made "knowingly, voluntarily and intelligently." Boykin v. Alabama, 395 U.S. 238, 243 (1969) (internal citations omitted). The constitutional standard is one that asks whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.

Whether a plea of guilty is voluntary for purposes of the federal constitution is a question of federal law. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). To determine whether a guilty plea represents a voluntary and intelligent choice, a reviewing court must examine the totality of

the circumstances surrounding the plea. Brady v. United States, 397 U.S. 742, 749 (1970). To ensure that a plea is both knowing and voluntary, it cannot have been induced through misrepresentation or coercion, Brady, 397 U.S. at 750, the defendant must have notice of the nature of the charge(s) against him, Henderson v. Morgan, 426 U.S. 637, 645 (1976), the defendant must have an understanding of the law in relation to the specific facts at issue, McCarthy v. United States, 394 U.S. 459, 466 (1969), and the defendant must appreciate the consequences of the plea, *i.e.*, he must understand the rights he is surrendering through his plea. Once entered, a defendant does not have an absolute right to withdraw a guilty plea. United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998). Rather, a plea of guilty entered by one fully aware of the direct consequences must stand unless induced by threats, misrepresentation, or improper promises.

Petitioner asserts that his trial counsel rendered ineffective assistance of counsel by advising him to plead guilty so that he could get new counsel and receive a new trial. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (quoting Strickland v. Washington, 466 U.S. 668, 684 (1984)). *See also* Kimmelman v. Morrison, 477 U.S. 365, 374 (1986) (holding that the essence of a claim alleging ineffective assistance is whether counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect).

The Supreme Court has formulated a two-part test for determining whether counsel rendered constitutionally ineffective assistance: 1) counsel's performance was unreasonable; and 2) counsel's unreasonable performance actually prejudiced the defense. Strickland, 466 U.S. at 687. The first prong of the Strickland test requires a defendant to establish that his attorney's

representation fell below an objective standard of reasonableness by committing errors so serious that he or she was not functioning as "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 688. The second prong requires a defendant to demonstrate that counsel's errors deprived him of a fair trial and the result was unfair and unreliable. Strickland, 466 U.S. at 689. A defendant is not entitled to relief unless he makes both showings. *Id.* at 687. Moreover, "[a] court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Id.* at 694. The Strickland standard applies equally to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285 (2002). Pennsylvania applies the same test for ineffective assistance of counsel as the Strickland test used in federal courts. Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000).

The two-part Strickland test applies to ineffective assistance of counsel claims arising out the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985); Dooley v. Pestock, 816 F.2d 885, 889 (3d Cir.). The first prong may be satisfied where the plea offer is never communicated to the client or where the plea information is communicated so incorrectly that it undermines the ability of the client to make an intelligent decision whether or not to accept the offer. United States v. Day, 969 F.2d 39, 42-44 (3d Cir. 1992). To satisfy the second "prejudice" prong, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill, 474 U.S. at 58-59. A federal habeas petitioner seeking to withdraw a guilty plea based upon ineffective assistance of counsel must show that counsel's advise was not within the range of competence demanded by attorneys in criminal cases; only serious derelictions on the part of counsel entitle a petitioner to relief. Siers

9

v. Ryan, 773 F.2d 37 (3d Cir. 1985).

In the case at bar, Petitioner argues that his counsel's representation was deficient because his attorney told him that he could plead guilty, then withdraw the plea, obtain new counsel, and receive a new trial. In other words, Petitioner alleges that his guilty plea was never meant to be permanent but counsel's advice tricked him into entering a plea by which he never actually intended to be bound and that this constituted ineffective assistance. In its review of this claim, the Superior Court found as follows.

> After one and one-half days of testimony, on the afternoon of the second day of trial and just prior to the Commonwealth's conclusion of its case, Hall notified the trial judge of his willingness to plead guilty. Hall signed a plea agreement and the judge conducted a comprehensive colloquy on the record before he accepted Hall's plea and discharged the jury. During the colloquy, the Commonwealth asked, "[a]nd you're entering a guilty plea of your own free will, it is your decision alone to enter a guilty plea, is that correct?", and to which Hall, who was under oath, answered "yes."
>
> Hall testified at the PCRA hearing on December 17, 2007, and acknowledged that he signed a written plea agreement colloquy and remembered the oral colloquy before the judge. He claimed that prior to and during the presentation of the Commonwealth's case, he had several conversations about a guilty plea, and that his attorney told him he should plead guilty because if he did not like his representation, he could withdraw the plea at any time and obtain new counsel. On redirect, Hall said that his trial attorney had told him he could "possibly" withdraw his guilty plea.
>
> His trial attorney testified at the PCRA hearing that he had advised Hall to plead guilty after receiving the discovery materials, and again after hearing the testimony and evidence presented by the Commonwealth during trial. He testified that he explained to Hall he could withdraw a guilty plea, as stated in the written agreement, but did not tell him he could do so automatically.
>
> A criminal has the right to effective assistance of counsel during the plea process and if the underlying claim is the voluntariness of the guilty plea, ineffectiveness is judged by whether the attorney's advise is within the range of competence demanded of attorneys in criminal cases.
>
> . . .
>
> Hall's argument fails at the first prong of the [Strickland] standard. Hall

> failed to prove to the PCRA court that his trial attorney led him to believe that he could withdraw his guilty plea at will. The judge believed the testimony of Hall's trial attorney and relied on the written agreement and the oral colloquy of Hall conducted under oath. The PCRA court found that Hall's trial attorney did not tell him that he could withdraw his guilty plea at will if he did not like his representation. We agree with the PCRA court's determination that Hall's claim of ineffective assistance of counsel has no arguable merit.

Sup.Ct.Op. dated September 9, 2010 (internal citations omitted).

The federal habeas statute provides this Court with no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). Thus, the factual conclusions which the federal habeas courts are bound to respect are the findings of the State trial court and the inferences fairly deducible from those facts. *Id.* at 435. The PCRA court, weighing the credibility of the two witnesses, adopted the trial attorney's version of the events leading up to the guilty plea. It is significant that the state post-conviction judge was the same judge who presided over the guilty plea hearing and the sentencing. This factual finding, adopted by the Superior Court as well, is due the highly differential presumption of correctness required by 28 U.S.C. § 2254(e), which Petitioner has failed to defeat by clear and convincing evidence. It follows that Petitioner has failed to show that his attorney's legal performance was objectively deficient, thus failing to show the first prong of a showing of ineffective assistance of counsel. As such, he has not demonstrated that he is entitled to habeas corpus relief from this court. *Accord* Weeks v. Snyder 219 F.3d 245, 259 (3d Cir. 2000).

### D. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a

certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, a certificate of appealability will be denied. An appropriate order follows.

AND NOW, this 8th day of November, 2012:

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court mark this case CLOSED.

AND IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

*Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Douglas G. Hall
HK-1950
SCI-Fayette
Box 9999
LaBelle, PA 15450-0999